UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTONIO VILLANUEVA AYALA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | Civil Action No: SA-10-CA-747-XR |
| | ) | |
| | ) | |
| TEXAS DEPARTMENT OF CRIMINAL | ) | |
| JUSTICE, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation, filed January 31, 2011 (Docket Entry No. 19) and Plaintiff's Motion for Rehearing (Docket Entry No. 23), which this Court construes as Objections to the Magistrate Judge's Report. After careful consideration, the Court will accept the recommendation.

On November 22, 2009, Petitioner Ayala plead guilty in Kerr County in *State v. Ayala,* No. A-09511 (Tex. 216th Jud. Dist. Ct.) to burglary of a habitation with intent to commit aggravated assault, and was sentenced to ten years. Ayala filed a state habeas corpus application, which was denied by the Texas Court of Criminal Appeals on March 24, 2010 without a written order. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 27, 2010 in the Southern District of Texas (Docket Entry No. 6-2). The case was transferred to this Court on September 3, 2010 (Docket Entry No. 6).

Magistrate Judge Primomo ordered that the petition be served on Respondent and that

1

Respondent file an answer (Docket Entry No. 9).  Respondent filed an answer on December 13, 2010 (Docket Entry No. 17), and Ayala filed a response to the answer on December 30, 2010 (Docket Entry No. 18).  Judge Primomo issued a Report and Recommendation on January 31, 2011 (Docket Entry No. 19) and returned the case to this Court for further proceedings.  Ayala filed a motion for reconsideration on February 15, 2011 (Docket Entry No. 23), which the Court construes as Ayala's objections to the Magistrate Judge's report.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it.  *See* 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  On the other hand, any Report or Recommendation that is objected to requires de novo review.  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Ayala's habeas petition raises three grounds: (1) ineffective assistance of counsel because his attorney failed to perform any pretrial investigation and therefore failed to discover that there were no "definite findings of a weapon" in connection with the burglary; (2) a conflict of interest by the Assistant District Attorney in Kerr County who handled his case, because she is married to the senior drug task force officer in Kerrville, who has allegedly been trying to apprehend Ayala on drug

charges; and (3) that his guilty plea was unlawful because he did not understand its consequences.[1]

Judge Primomo found that Ayala's first and third claims are unexhausted and procedurally defaulted.[2]  The report noted that Ayala did not raise either his ineffective assistance claim or his claim that the guilty plea was involuntary in the state habeas proceeding.[3]  Although he argued that there was no "definite finding of a weapon," he did so in the context of a claim that the evidence was insufficient to support a finding that a deadly weapon was used, not in the context of an ineffective assistance claim.[4]  Judge Primomo also found that a stay and abeyance to allow Ayala to complete exhaustion was not appropriate, as he is precluded by state law from raising these claims in a subsequent state habeas proceeding.[5]  TEX. CODE CRIM. PROC. 11.07 § 4;[6] *Rhines v. Weber*, 544 U.S. 269 (2005).  Thus, Judge Primomo concluded that the claims are procedurally defaulted in federal court and should be dismissed.[7]  *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991); *Kittelson v Dretke*, 426 F.3d 306, 315 (5th Cir. 2005).

With regard to Ayala's second claim, Judge Primomo found that it had been exhausted, and

---

[1]Petition for a Writ of Habeas Corpus, Apr. 30, 2010 (Docket Entry No. 6-2).

[2]Memorandum and Recommendation 3, Jan. 31, 2011 (Docket Entry No. 19).

[3]*Id.* at 4-5.

[4]*Id.*

[5]*Id.* at 5-6.

[6]The Texas abuse-of-writ doctrine prohibits a second habeas petition on grounds that could have been, but were not, raised in a prior habeas petition, absent a showing of cause. *Nobles v. Johnson*, 127 F.3d 409 (5th Cir. 1997).

[7]*Id.* at 6.

3

had been adjudicated on the merits in the state habeas proceeding.[8]  He found that AEDPA did not permit relief on this claim after adjudication on the merits in state court because Ayala did not demonstrate that (1) the decision was contrary to or involved in an unreasonable application of clearly-established federal law as announced by the U.S. Supreme Court, or (2) that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).  Furthermore, he concluded that the claim was not cognizable, because Ayala waived all non-jurisdictional defects in the trial court proceeding when he plead guilty.[9]  *United States v. Daughenbaugh*, 549 F.3d 1010, 1010 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).  Thus, Judge Primomo concluded that the conflict of interest claim should be denied.[10]  Judge Primomo also recommended that a certificate of appealability be denied because jurists of reason would not find these proposed rulings debatable.[11]

Petitioner argues that he was unaware of the guidelines, that he had no assistance of counsel, and that he is only appealing the finding of a use of a deadly weapon.[12]  He requests an "honorable fair hearing" and requests that the Court review the police reports which he alleges contain no evidence of a deadly weapon.[13]  Because these objections are conclusive and general, the Court need not conduct a de novo review of the Magistrate Judge's report and

---

[8]*Id.*

[9]*Id.*

[10]*Id.* at 8.

[11]*Id.* at 8-9.

[12]Mot. for Rehearing (construed as Objections) 1, Feb. 25, 2011 (Docket Entry No. 23).

[13]*Id.*

recommendation.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). With regard to his argument that he only challenges the deadly weapon finding, the Court notes that Ayala has already raised his argument regarding the absence of a weapon in the state habeas proceeding.  As Judge Primomo concluded, Ayala is procedurally defaulted from raising the claim again in federal court by placing it into a new context by claiming ineffective assistance of counsel. *See Coleman,* 501 U.S. at 735 n. 1; *Kittelson*, 426 F.3d at 315 (5th Cir. 2005).

The Court finds the recommendations to be neither clearly erroneous nor contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). Accordingly, the Court ACCEPTS the Report and Recommendations of the Magistrate Judge, DISMISSES Petitioner's first claim of ineffective assistance of counsel and third claim that his guilty plea was not entered voluntarily as procedurally defaulted, and DENIES Petitioner's second claim of conflict of interest.  The Court also DENIES a certificate of appealability.

It is so ORDERED.

SIGNED this 24th day of February, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE